UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD "LOUISIANA LIGHTNING" GUIDRY | CIVIL ACTION |
| VERSUS | |
| LOUISIANA LIGHTNING, LLC, FARM FRESH FOOD SUPPLIERS, INC. AND MATTHEW D. DUFOUR | JURY TRIAL DEMANDED |

## PETITION

Plaintiff Ronald "Louisiana Lightning" Guidry ("Guidry"), submits this complaint against Defendants Louisiana Lightning, LLC, Farm Fresh Food Suppliers, Inc. and Matthew D. Dufour (collectively, "Defendants"), alleging as follows:

### NATURE OF ACTION

1.      This is an action seeking injunctive relief and damages arising from Defendants' violation of the Lanham Act; the Anti-cybersquatting Consumer Protection Act ("ACPA"); the Louisiana Unfair Trade Practices Act; Louisiana dilution law and unjust enrichment.

### THE PARTIES

2.      Plaintiff Ronald "Louisiana Lightning" Guidry is an individual residing in Scott, Louisiana.

3.      Defendant Louisiana Lightning, LLC ("LL") is a Louisiana limited liability company residing in and having a principal place of business in or near Amite City, Louisiana.

1197166v1

4.     Defendant Farm Fresh Food Suppliers, Inc. ("Farm Fresh") is a Louisiana corporation residing in and having a principal place of business in or near Amite City, Louisiana. Defendant Farm Fresh, on behalf of LL, is listed as the registrant for the Internet domain name louisianalightning.com, which improperly uses the mark LOUISIANA LIGHTNING in commerce within this district and with Louisiana consumers.

5.     Defendant Matthew D. Dufour ("M. Dufour") is an individual residing in or near Amite City, Louisiana who defines his role at LL as Owner/Founder and at Farm Fresh as Plant Manager. Defendant M. Dufour, on behalf of LL, is listed as the administrative contact for the Internet domain name louisianalightning.com, which improperly uses the mark LOUISIANA LIGHTNING in commerce within this district and with Louisiana consumers.

## JURISDICTION AND VENUE

6.     This action arises, in part, under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

7.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338.

8.     This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)–(2) insofar as the Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred here.

## GENERAL ALLEGATIONS

**Plaintiff Ron "Louisiana Lightning" Guidry
and the LOUISIANA LIGHTNING® Trademark**

10.    Guidry is a Louisiana native and former Major League Baseball pitcher who played for the world famous New York Yankees baseball franchise for fourteen (14) years between 1975 and 1989. Additionally, Guidry was the pitching coach for the New York Yankees during the

years 2006 and 2007. In both years, the New York Yankees won the American League East division.

11. Guidry is a well-known individual who has been famously known throughout and since his career as "Louisiana Lightning," a name which was created and entirely originated as a description and name for Guidry.

12. The term "Louisiana Lightning" was first used to refer to Guidry by baseball Hall of Fame member and famous sports broadcaster Phil Rizzutto on June 17, 1978, just three (3) years into Guidry's career during a game between the New York Yankees and the California Angels, during which Guidry struck out eighteen (18) batters – a New York Yankees franchise record that still stands today. This monumental event is commemorated annually on June 17th, the anniversary of Guidry's record setting game, with the rebroadcasting of that California Angels/New York Yankees game on the Yankees Entertainment and Sports Network ("YES Network").

13. Guidry is the exclusive owner of all rights, title and interest in and to U.S. Trademark No. 3,474,965 for the word mark LOUISIANA LIGHTNING® in connection with "Promoting the goods and/or services of others through the issuance of product endorsements" in International Class 035. Guidry is also the exclusive owner of any and all common law rights and goodwill associated with this trademark (collectively, the "LOUISIANA LIGHTNING Trademark"). Attached hereto as Exhibit 1 is a true and correct copy of the Certificate of Registration for the LOUISIANA LIGHTNING Trademark.

14. Guidry has developed, maintained, operated and offered in commerce a variety of product and service endorsement and promotion services.

15. Under the LOUISIANA LIGHTNING Trademark, Guidry offers, *inter alia*, a highly successful program of product and services endorsements and promotions.

16. By virtue of Guidry's long-term, widespread, continuous and extensive use of the LOUISIANA LIGHTNING Trademark in the United States, and continuous and unsolicited media coverage, the LOUISIANA LIGHTNING Trademark has acquired substantial goodwill, enjoys a high degree of consumer recognition and has become a famous mark.

17. The following is a small and representative sample of accolades demonstrating the fame of Guidry's LOUISIANA LIGHTNING Trademark:

    a. Guidry was co-captain of the New York Yankees, inarguably the most popular and profitable Major League Baseball team in history, and was constantly and consistently referred to as "Louisiana Lightning" in baseball game broadcasts and promotional events;

    b. Guidry was the Associated Press' "Male Athlete of the Year" in 1978, beating out the likes of Muhammad Ali and Pete Rose for that year's title;

    c. For his pitching prowess, Guidry won the Cy Young Award as the greatest pitcher in the American League of Major League Baseball in 1978, and finished in the top ten voting results for this award for six (6) seasons;

    d. Guidry won five (5) Gold Glove awards, beating out all other pitchers for the award in Major League Baseball for five consecutive years;

    e. Guidry appeared in four (4) Major League Baseball All Star games;

    f. Guidry is a two-time World Series champion;

  g. In 2003, in recognition of Guidry's history with the New York Yankees, the organization commissioned a bronze-cast monument of Guidry in Yankee Stadium's famous "Monument Park" in which said plaque refers to Guidry as "Louisiana Lightning" and features Guidry's LOUISIANA LIGHTNING Trademark;

  h. In August 2003, Guidry's jersey number, "49," was retired by the Yankees franchise due to the fame and recognition he has attained throughout his outstanding career, and his number has, consequently, been prominently on display at all times since then in Yankee Stadium;

  i. Guidry's name and image are so prominent in baseball history that the YES Network dedicated a television show about him on August 19, 2003, depicting his life and playing career. This national broadcast contains multiple references to Guidry's LOUISIANA LIGHTNING Trademark;

  j. New York City Mayor Michael Bloomberg proclaimed the date August 23, 2003 to be "Ron Guidry Day."

  k. Guidry was featured in a three hundred fifty (350) minute long YES Network production, "Yankeeography: The Captains Collection" which documented his tenure as co-captain of the Yankees;

  l. Guidry was inducted into the Louisiana Sports Hall of Fame in 1992 and was listed on LouisianaTravel.com's 2012 list of the two hundred (200) most notable people from Louisiana;

1197166v1

m. Guidry has been inducted into the University of Louisiana Athletics Hall of fame, with coverage of the event featuring Guidry's LOUISIANA LIGHTNING Trademark (http://theadvocate.com/sports/latestsports/13852934-37/tears-of-joy-as-louisiana); and

n. Guidry is consistently ranked as one of the greatest pitchers in Yankee Franchise history and one of the top Yankee players of all time.

18. In addition to the numerous awards and recognitions outlined above, Guidry has been the subject of many unsolicited stories in national publications, such as the New York Times, Washington Post, Los Angeles Times, Sports Illustrated and ESPN, among others, highlighting the fame and popularity of Guidry and his LOUISIANA LIGHTNING Trademark.

19. Guidry has continuously used and extensively promoted the LOUISIANA LIGHTNING Trademark throughout the United States since long before Defendants' unauthorized and confusingly similar use of Guidry's LOUISIANA LIGHTNING Trademark. Indeed, Guidry has expended a tremendous amount of time, effort and money to continuously and widely use and promote third-party products and services under the LOUISIANA LIGHTNING Trademark, including through his endorsement of sports memorabilia shops and multiple restaurants, including the famous Mickey Mantle's Restaurant and Sports Bar.

20. As a result, long before Defendants' unauthorized use of Guidry's LOUISIANA LIGHTNING Trademark, Guidry's LOUISIANA LIGHTNING Trademark had become widely recognized among the consuming public of the United States as a trusted source of product and services endorsements and promotions.

21. Unfortunately, Guidry's success has attracted unscrupulous infringers such as Defendants who are anxious to capitalize on the fame of the LOUISIANA LIGHTNING Trademark.

1197166v1

**Defendants and Their Wrongful Conduct**

22.     In or about 2013, long after Guidry had established rights and goodwill in the LOUISIANA LIGHTNING Trademark, LL adopted and commenced use in commerce of the confusingly similar – and in fact, identical – mark "LOUISIANA LIGHTNING" in connection with the manufacture, distribution and sale of whiskey (the "Infringing Mark").

23.     At the time of commencing their use of the Infringing Mark, Defendants knew or should have known of Guidry's LOUISIANA LIGHTNING Trademark.

24.     Indeed, a simple search of the United States Patent and Trademark Office's Trademark Electronic Search System would have quickly revealed Guidry's registered LOUISIANA LIGHTNING trademark.

25.     Moreover, given Guidry's widespread fame in the State of Louisiana, LL knew or should have known of Guidry's Louisiana Lightning Trademark.

26.     During the course of their manufacture, distribution and sale of whiskey, LL has marked and distinguished its bottles, syphons, fountains, tanks, cases and/or boxes with the Infringing Mark without the prior written consent of Guidry.

27.     Subsequently, LL has filled said bottles, syphons, fountains, tanks, cases and/or boxes with a liquid or substance (namely, whiskey) without Guidry's prior written consent.

28.     Upon information and belief, LL has not filed a description of the Infringing Mark in the office of the clerk of the 21st Judicial District Court of Louisiana, nor has LL had the description printed once in each week for five weeks successively in a newspaper published in the English language in Tangipahoa Parish pursuant to Louisiana Revised Statutes § 51:241.

29.     Moreover, upon information and belief, in or about August 2012, Defendants registered the Internet domain name louisianalightning.com with the bad faith intent to profit from Guidry's LOUISIANA LIGHTNING Trademark.

30. Defendants are and have been using the Infringing Mark on and in connection with the website operated by Defendants at the Internet domain louisianalightning.com (the "Infringing Website").

31. Upon information and belief, Defendants jointly operate and control the Infringing Website and use of the Infringing Mark.

32. Defendants' registration and use of the louisianalightning.com Internet domain name constitutes cybersquatting.

33. On August 30, 2013, in furtherance of LL's scheme to unfairly capitalize on the goodwill and reputation of Guidry's LOUISIANA LIGHTNING Trademark, LL filed U.S. Trademark Application Serial No. 86/052486 for the word mark LOUISIANA LIGHTNING (the "'486 Application"). The '486 Application seeks registration in International Class 033, and more specifically, in connection with "Whiskey." At the time of filing the '486 Application, LL knew or should have known of Guidry's LOUISIANA LIGHTNING Trademark. Attached hereto as Exhibit 2 is a true and correct copy of the '486 Application.

34. Upon information and belief, Defendants' infringing products and services are calculated to, and actually do, deceive consumers about the source and quality of the services that Defendants offer.

35. As a result, Defendants are harming consumers and irreparably damaging the goodwill associated with Guidry and his LOUISIANA LIGHTNING Trademark.

36. Guidry has performed all conditions precedent necessary to maintain the instant action that have not been otherwise waived or excused.

1197166v1

## **FIRST CLAIM FOR RELIEF**

### Federal Trademark Infringement

### (15 U.S.C. § 1114)

37. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 above as if specifically set forth herein in their entirety.

38. LL's use of the Infringing Mark infringes upon Guidry's superior rights in and to the federally registered LOUISIANA LIGHTNING Trademark.

39. LL has knowingly used the Infringing Mark in commerce without the consent of Guidry in connection with the sale, offering for sale, distribution and advertising of its liquor and other products, and such activities are likely to cause confusion or mistake, or to deceive consumers in the United States as to the source, sponsorship and/or association of LL's goods or services.

40. Defendants have also knowingly registered Guidry's LOUISIANA LIGHTNING Trademark as an Internet domain name.

41. Defendants' infringing acts include, without limitation, the distribution of advertising bearing the Infringing Mark; the promotion of products bearing the Infringing Mark on one or more Internet websites; the use of the Infringing Website itself; and the direct, indirect and/or cooperative offering of products bearing the Infringing Mark in the United States.

42. Under the circumstances of this case, Defendants' infringing activities constitute intentional, willful infringement in violation of Guidry's rights under 15 U.S.C. § 1114 and have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Guidry's business, reputation and goodwill.

43. Unless enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendants will persist in their activities, thereby causing Guidry additional irreparable harm.

1197166v1

44. Guidry has also sustained actual damages as a result of Defendants' infringing activities in an amount to be ascertained at trial.

45. Based upon Defendants' activities, this case qualifies for: a disgorgement of Defendants' profits; actual damages; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117(b), or at the election of Guidry, statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition

### (15 U.S.C. § 1125(a))

46. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 45 above as if specifically set forth herein in their entirety.

47. Guidry is the owner of the valid and protectable LOUISIANA LIGHTNING Trademark, as evidenced by the federal trademark registration attached hereto as Exhibit 1.

48. Guidry's use of the LOUISIANA LIGHTNING Trademark has affected, and continues to affect, interstate commerce.

49. Guidry's first use of the LOUISIANA LIGHTNING Trademark was prior to LL's unauthorized use of the Infringing Mark.

50. Moreover, due to Guidry's fame, especially in the State of Louisiana, consumers widely associate the term "Louisiana Lightning" with Guidry.

51. There is a likelihood of consumer confusion caused by LL's unauthorized use of the Infringing Mark.

52. Upon information and belief, LL's unauthorized use of the Infringing Mark was done knowingly, willfully, intentionally and in bad faith, and constitutes a violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

1197166v1

53. LL's acts are greatly and irreparably damaging to Guidry and his LOUISIANA LIGHTNING Trademark, and will continue to be greatly and irreparably damaging to Guidry and his LOUISIANA LIGHTNING Trademark unless enjoined by this Court, as a result of which, Guidry is without an adequate remedy at law.

54. Based upon LL's activities, this case qualifies for: a disgorgement of LL's profits; actual damages; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF (AGAINST LL)
### Dilution by Blurring
### (15 U.S.C. § 1125(c))

55. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 54 above as if specifically set forth herein in their entirety.

56. Guidry's LOUISIANA LIGHTNING Trademark and name are famous and distinctive and are entitled to protection against dilution by blurring.

57. LL commenced use of the "Louisiana Lightning" name in commerce after the LOUISIANA LIGHTNING Trademark and name had become famous and distinctive.

58. LL's use of copies, variations, reproductions, simulations or colorable imitations of Guidry's famous name and LOUISIANA LIGHTNING Trademark in connection with its business operations will lessen the capacity of Guidry's famous and distinctive name and LOUISIANA LIGHTNING Trademark to designate Guidry as the sole origin of LOUISIANA LIGHTNING-branded products and services.

59. LL's use of Guidry's name and LOUISIANA LIGHTNING Trademark has diluted and will continue to dilute the distinctive quality of Guidry's name and LOUISIANA LIGHTNING Trademark.

1197166v1

60. The aforesaid acts of LL constitute dilution by blurring by whittling away the distinctiveness of Guidry's famous name and LOUISIANA LIGHTNING Trademark in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

61. As a direct and proximate result of the foregoing acts of LL, Guidry has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

62. Guidry has no adequate remedy at law and is, therefore, entitled to preliminary and permanent injunctive relief.

## FOURTH CLAIM FOR RELIEF (AGAINST LL)

### Dilution by Tarnishment

### (15 U.S.C. § 1125(c))

63. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 62 above as if specifically set forth herein in their entirety.

64. Guidry's LOUISIANA LIGHTNING Trademark and name are famous and distinctive and are entitled to protection against dilution by tarnishment.

65. LL commenced use of the "Louisiana Lightning" name in commerce after the LOUISIANA LIGHTNING Trademark and name had become famous and distinctive.

66. By using the "Louisiana Lightning" name and mark in connection with the manufacture, sale, distribution and advertisement of liquor, LL has injured and will continue to injure Guidry's business reputation, has tarnished the distinctive quality of Guidry's famous name and LOUISIANA LIGHTNING Trademark, and has lessened the capacity of Guidry's famous name and LOUISIANA LIGHTNING Trademark to identify and distinguish Guidry's services, in violation of 15 U.S.C. § 1125(c).

67. As a result of LL's tarnishment of Guidry's name and LOUISIANA LIGHTNING Trademark, Guidry has suffered substantial damages, as well as the continuing loss of the

1197166v1

goodwill and reputation established by Guidry in his mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Guidry has no adequate remedy at law. Guidry will continue to suffer irreparable harm unless this Court enjoins LL's conduct.

<u>**FIFTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)**</u>

**Cybersquatting in Violation of the ACPA**

**(15 U.S.C. § 1125(d))**

68. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 67 above as if specifically set forth herein in their entirety.

69. Guidry's LOUISIANA LIGHTNING Trademark is presumed valid, enforceable and entitled to protection under the Lanham Act. Moreover, Guidry's LOUISIANA LIGHTNING Trademark was presumed to be a valid and enforceable trademark at the time that Defendant Farm Fresh registered the infringing Internet domain name, louisianalightning.com, on behalf of LL, and at the time that Defendants created the Infringing Website operating by, through and in association with same.

70. The louisianalightning.com Internet domain name and associated Infringing Website both incorporate and use the Infringing Mark. The Infringing Mark is confusingly similar to Guidry's LOUISIANA LIGHTNING Trademark. Indeed, the LOUISIANA LIGHTNING Trademark is incorporated in the Internet domain name verbatim.

71. Defendants have registered and maintained the louisianalightning.com Internet domain and Infringing Website with the bad faith intent to profit from them.

72. Defendants' activities violate the ACPA, 15 U.S.C. § 1125(d).

73. Defendants' acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Guidry's business, reputation and goodwill. Guidry has no adequate remedy

at law because monetary damages are inadequate to compensate Guidry for the injuries caused by Defendants.

74. Upon information and belief, Defendants' unlawful registration, maintenance and use of the louisianalightning.com Internet domain name and Infringing Website have been intentional and willful.

75. Guidry is entitled to recover Defendants' profits, statutory damages and/or actual damages suffered by Guidry and the costs of this action pursuant to 15 U.S.C. § 1117(a). Guidry is also entitled to injunctive relief, including a court order of forfeiture or cancellation of the subject Internet domain name, louisianalightning.com, or the transfer of same to Guidry pursuant to 15 U.S.C. § 1125(d)(1)(C).

76. Based upon Defendants' activities, this case qualifies for a judgment of treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117.

## SIXTH CLAIM FOR RELIEF (AGAINST LL)

### Violations of Louisiana Unfair Trade Practices Act

**(La. R.S. § 51:1401, *et seq.*)**

77. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 76 above as if specifically set forth herein in their entirety.

78. Upon information and belief, LL has knowingly and willfully engaged in unfair, materially misleading and deceptive acts, practices and methods of competition in trade or commerce that offend public policy and are oppressive, unscrupulous and substantially injurious to Guidry.

79. LL's actions constitute deception to consumers at large including, but not limited to, those residing in the State of Louisiana, who are misled (to the benefit of LL) to believe that Guidry

1197166v1

manufactures, sells, distributes and advertises bottles of whiskey bearing the Infringing Mark, or consents to or endorses same.

80. LL's acts and practices constitute a pattern of unfair and deceptive trade practices in violation of Louisiana Revised Statutes § 51:1405.

81. Guidry has also sustained actual damages as a result of LL's unfair and deceptive acts and practices in an amount to be ascertained at trial.

82. Guidry, born on August 28, 1950, is an "elder person" as that term is used in the Louisiana Unfair Trade Practices Act.

83. Based upon LL's' activities, this case qualifies for: actual and enhanced damages, together with costs and attorneys' fees pursuant to the Louisiana Unfair Trade Practices Act.

### SEVENTH CLAIM FOR RELIEF (AGAINST LL)

**Trademark/Trade Name Dilution and Injury to Business Reputation**

**(La. R.S. § 51:223.1)**

84. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 83 above as if specifically set forth herein in their entirety.

85. LL's activities complained of herein have injured Guidry's business reputation and diluted the distinctive quality of his LOUISIANA LIGHTNING Trademark.

86. LL's use and advertisement of the Infringing Mark in connection with LL's activities, which are unconnected to Guidry, and which are neither sponsored by Guidry nor within Guidry's control, is likely to continue to dilute the distinctive quality of Guidry's LOUISIANA LIGHTNING Trademark and injure Guidry's business reputation.

87. In light of the foregoing, LL's actions constitute a violation of Louisiana Revised Statutes § 51:223.1.

1197166v1

88. As a direct and proximate result of LL's actions described herein, Guidry has been damaged and will continue to be damaged.

89. LL's acts are greatly and irreparably damaging to Guidry and his LOUISIANA LIGHTNING Trademark, and will continue to be greatly and irreparably damaging to Guidry and his LOUISIANA LIGHTNING Trademark in an incalculable amount unless enjoined by this Court, as a result of which, Guidry is without an adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF (AGAINST LL)

### Unjust Enrichment

90. Guidry realleges and incorporates by reference the allegations contained in Paragraphs 1 through 89 above as if specifically set forth herein in their entirety.

91. As a result of the conduct alleged herein, LL has been unjustly enriched to Guidry's detriment. Guidry seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from LL's inequitable activities.

### JURY DEMAND

Guidry requests a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Guidry prays for relief as follows:

1. That judgment be entered in favor of Guidry and against the respective Defendants as to each of the above Counts;

2. That the Court issue an order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from:

    a.    Directly or indirectly infringing the LOUISIANA LIGHTNING Trademark or using any other designations similar to, or likely to cause confusion with, the LOUISIANA LIGHTNING Trademark;

    b.    Passing off Defendants' services as being associated with and/or sponsored or affiliated with Guidry;

    c.    Registering, using or trafficking in any Internet domain name that is identical or confusingly similar to Plaintiff's LOUISIANA LIGHTNING Trademark including, but not limited to, louisianalightning.com;

    d.    Committing any other unfair business practices directed toward obtaining for Defendants the business and customers of Guidry; and

    e.    Committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Guidry;

3.    That Defendants forfeit, cancel or transfer the louisianalightning.com Internet domain name, as well as any other Internet domain name that is identical or confusingly similar to Guidry's LOUISIANA LIGHTNING Trademark, to Guidry;

4.    That Defendants be directed to file with this Court and to serve on Guidry within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with said injunction;

5.    That Defendants expressly abandon their '486 Application for the mark LOUISIANA LIGHTNING, which is currently pending before the U.S. Patent and Trademark Office;

6. That Defendants offer up for destruction all products and marketing materials in their possession or control bearing the LOUISIANA LIGHTNING Trademark or any confusingly similar variation thereof including, but not limited to, the Infringing Mark, pursuant to 15 U.S.C. § 1118;

7. Actual damages suffered by Guidry as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. Reasonable funds for future corrective advertising;

9. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

10. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117 and Louisiana State law;

11. Punitive damages;

12. Restitutionary relief against Defendants and in favor of Guidry, including disgorgement of wrongfully obtained profits and any other appropriate relief;

13. Costs of suit and reasonable attorneys' fees; and

1197166v1

14. Any other remedy to which Guidry may be entitled, including all remedies provided for in 15 U.S.C. §§ 1117, 1125; Louisiana Revised Statutes § 51:1401, *et seq.*; and under any other federal and/or Louisiana law.

Respectfully submitted,

Date: December 11, 2015

*/s/ Michael Q. Walshe, Jr.*
Michael Q. Walshe, Jr., 23968, TA
*mwalshe@stonepigman.com*
Lesli D. Harris, 28070
*lharris@stonepigman.com*
Bryant S. York, 34165
*byork@stonepigman.com*
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200


And


Sean A. Moynihan
John E. Greene
    Of
KLEIN MOYNIHAN TURCO LLP
450 Seventh Avenue, 40th Floor
New York, NY  10123
Telephone: (212) 246-0900

Attorneys for *Ronald "Louisiana Lightning" Guidry*