UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD GUIDRY**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6714** |
| **LOUISIANA LIGHTNING, LLC,**<br>**FARM FRESH FOOD SUPPLIERS, INC.**<br>**AND MATTHEW D. DUFOUR**<br>  Defendants | **SECTION S (5)** |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN PART, TO STRIKE IN PART, AND, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT REGARDING PLAINTIFF'S FIRST AMENDED COMPLAINT

  Defendants Louisiana Lightning, LLC, Farm Fresh Food Suppliers, Inc., and Matthew D. Dufour (collectively, "Defendants") hereby file this Reply Memorandum in Support of their Motion to Dismiss in Part, to Strike in Part, and, Alternatively, for a More Definite Statement Regarding Plaintiff's First Amended Complaint, in response to the claims raised against them by Plaintiff, Ronald Guidry ("Guidry"), therein.

## INTRODUCTION

  The facts of this case are more completely set forth in Defendants' principal memorandum.[1] Essentially, this case involves various claims against three separate Defendants all based on one singular contention: that only Guidry can use the words "Louisiana Lightning" in commerce. Defendants vigorously dispute that contention and the claims based upon it, which are completely meritless. But besides lacking merit, which Defendants will prove in short order, several of Guidry's claims are also facially deficient. It is based on those deficiencies, outlined further below, that Defendants now move to dismiss, strike, and/or make more particular certain

---

[1] Defs.' Principal Mem., Doc. 12-1, pp. 2-4.

claims and allegations in Guidry's First Amended Complaint.

## LAW AND ARGUMENT

A.    **MOTION TO DISMISS**

First, Defendants move to dismiss Guidry's claims against Matthew D. Dufour ("Dufour") and Farm Fresh Food Suppliers, Inc. ("Farm Fresh") for trademark infringement and cybersquatting. Defendants maintain that those claims are improperly pled and must be dismissed per Fed. R. Civ. P. 12(b)(6).

### 1.    The Trademark Infringement Claim against Dufour Must be Dismissed

Defendants maintain that Guidry fails to properly state a claim for trademark infringement against Dufour personally. As already explained in Defendants' principal memorandum,[2] the only factual allegations specifically directed at Dufour are that he works for Louisiana Lightning, LLC ("LL") and Farm Fresh, that he was listed as the "administrative contact" for the www.louisianalightning.com domain name, and that he has somehow mentioned Louisiana Lightning-brand whiskey on his Facebook page.[3] None of this shows any use in commerce by Dufour individually, as opposed to the companies that he works for.

"Use in commerce" is an essential element of any trademark infringement claim. 15 U.S.C. § 1114(a)(1)(A) (listing "use in commerce" as the first element of trademark infringement); <u>Am. Rice, Inc. v. Producers Rice Mill, Inc</u>., 518 F.3d 321, 329 (5th Cir. 2008) (same). Guidry does not and cannot plausibly allege that Dufour personally used the "Louisiana Lightning" mark in commerce. Setting aside Guidry's threadbare recitals, the only real fact allegation against Dufour is that he somehow referenced the words "Louisiana Lightning" on his personal Facebook page.

---

[2] Defs.' Principal Mem. p. 7.
[3] Pl.'s 1st Am. Compl. ¶¶ 5, 25.

As a matter of law, that action does not create personal liability for trademark infringement. See 15 U.S.C. § 1114(a)(1)(A). It no way constitutes "use in commerce." See id. Notably, not a single case cited by Guidry provides otherwise.

Guidry's conflation of Dufour's private and professional conduct only underscores the impropriety of his claim.[4] The trademark infringement claim against Dufour is not grounded in the law or sufficient factual allegations, but rather, Guidry's desire to pressure Dufour. Ultimately, the claim must fail for lack of necessary factual support. Because Guidry identifies no use in commerce of the "Louisiana Lightning" mark by Dufour personally, the trademark infringement claim against him must be dismissed.

### 2. The Trademark Infringement Claim against Farm Fresh Must be Dismissed

For similar reasons, the infringement claim against Farm Fresh should also be dismissed. Guidry identifies no actions taken by Farm Fresh specifically that constitute trademark infringement. The only factual allegation against Farm Fresh – that it registered the www.louisianalightning.com domain name[5] – is insufficient to establish "use in commerce" as a matter of law. See Lockheed Martin Corp. v. Network Solutions, Inc., 985 F. Supp. 949, 957 (C.D. Cal. 1997) ("[S]omething more than the registration of the name is required before the use of a domain name is infringing."). Indeed, Guidry's own authority confirms as much. See DSPT Int'l,

---

[4] Guidry misapprehends Defendants' arguments regarding two separate theories of individual liability. To be clear, Defendants do not contend that "Guidry must pierce the corporate veil" in order to state a claim against Dufour. See Pl.'s Opp. Mem. p. 8. Instead, Guidry must allege facts that support either piercing the corporate veil *or* individual liability for private conduct. Defs.' Principal Mem. p. 7 n.6 ("Besides failing to assert any actions taken by Dufour personally, Guidry also fails to identify any grounds for piercing the corporate/limited liability veil."); see also Mead Johnson & Co. v. Baby Formula Serv., Inc., 402 F.2d 19, 23 (5th Cir. 1968) (distinguishing liability for piercing the corporate veil from general individual liability). The point is that Guidry does neither.

[5] Pl.'s 1st Am. Compl. ¶ 4.

Inc. v. Nahum, 624 F.3d 1213, 1219 (9th Cir. 2010) (cited by Guidry on p. 12 of his brief) (distinguishing registration from use and holding that "there was no evidence of anything wrong with Nahum's registration of the domain name"). Because the only specific factual allegation against Farm Fresh is that it registered the domain name, there is no allegation of "use in commerce," and the infringement claim against Farm Fresh must be dismissed accordingly.

### 3. The Cybersquatting Claim against Dufour Must be Dismissed

Guidry also fails to properly state a claim for cybersquatting against Dufour. The cybersquatting claim fails a matter of law both under 15 U.S.C. § 1125(d)(1)(D) and the applicable statute of limitations.

#### a. The Cybersquatting Claim is Barred by 15 U.S.C. § 1125(d)(1)(D)

First, the cybersquatting claim against Dufour is barred under 15 U.S.C. § 1125(d)(1)(D), which limits liability for improper use of a domain name to the "domain name registrant or that registrant's authorized licensee." Because Guidry does not allege that Dufour was either the "domain name registrant or that registrant's authorized licensee," the claim against him must fail.

The only allegation against Dufour in connection with the cybersquatting claim is that he was listed as the "administrative contact" for www.louisianalightning.com.[6] But section 1125(d)(1)(D) does not hold "administrative contacts" liable for cybersquatting. Instead, liability for using a domain is strictly limited to registrants and their authorized licensees, only.

Rather than acknowledge the obvious deficiencies in his pleadings, Guidry makes the creative argument that because liability for improper *trafficking in* domain names might be available against persons other than the "domain name registrant or that registrant's authorized

---

[6] Pl.'s 1st Am. Compl. ¶ 5.

4

licensee," the claim against Dufour should survive.[7] But that entire argument is inapposite. Guidry never alleges that Dufour "*trafficked in*" the domain name. Indeed, the First Amended Complaint makes clear that none of the Defendants "*traffic in*" domain names. Guidry's own allegations confirm that the only thing "*trafficked in*" is whiskey, by LL exclusively (not Dufour), and in stores only (not on the website).[8]

The prohibition on "trafficking in" domain names contained in the Anticybersquatting Consumer Protection Act was meant to stop "squatters" who register famous company names for the purpose of selling those domain names for a profit (*i.e.*, purchasing the domain name www.apple.com and then trying to extort an exorbitant fee from Apple, Inc. for the transfer of the domain name). None of that has occurred or been alleged here.

In fact, Guidry never alleges that Dufour trafficked in, registered, or even used the www.louisianalightning.com domain name. Indeed, such allegations would be facially implausible, since none of the Defendants traffic in domain names, and since Guidry himself alleges that Farm Fresh was the domain name registrant and that LL (logically) is the one using the domain name.[9]

Apparently, Guidry believes that Dufour's mere status as the "administrative contact" is sufficient to establish *use* of the domain name under 15 U.S.C. § 1125(d)(1)(A)(ii). Defendants disagree, and maintain that mere status as the "administrative contact" is insufficient to establish

---

[7] Pl.'s Opp. Mem. p. 14. According to Guidry, section 1125(d)(1) "is only applicable for 'using' a domain name," and does not apply to parties that register or traffic in domain names. Despite Guidry's argument to the contrary, it goes without saying that only a registrant or a registrant's authorized licensee can be liable for *registering* a domain name.

[8] See generally Bird v. Parsons, 289 F. 3d 865, 880-81 (6th Cir. 2002) (affirming dismissal of cybersquatting claims against Defendants who "did not purchase, sell, or otherwise participate in any transaction involving the 'transfer for consideration' or 'receipt in exchange for consideration' of [the] domain name" (citing 15 U.S.C. § 1125(d)(1)(E), which defines trafficking)).

[9] *See* Pl.'s 1st Am. Compl. ¶ 4.

5

"use" as a matter of law. Cf. Lockheed Martin Corp. v. Network Solutions, Inc., 985 F. Supp. 949, 957 (C.D. Cal. 1997) ("[S]omething more than the registration of the name is required before the use of a domain name is infringing."); DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1219 (9th Cir. 2010) (distinguishing registration from use). But even if it were sufficient, the claim against Dufour would still fail, because section 1125(d)(1)(D) only imposes liability on the "domain name registrant or that registrant's authorized licensee." Once again, because Dufour is neither the registrant of www.louisianalightning.com nor its authorized licensee, the claim against him fails.

Because only a domain name registrant or that registrant's authorized licensee can be liable for using a domain name, and because Dufour is neither, the claim against him is improper.

### b. The Cybersquatting Claim is Also Barred by the Statute of Limitations

The cybersquatting claim against Dufour also fails based on the statute of limitations. Although the rules for determining the statute of limitations for Lanham Act claims are well established, see, e.g., 6 McCarthy on Trademarks and Unfair Competition § 31:23 (2011); Checkpoint Fluidic Sys. Int'l, Ltd. v. Guccione, 888 F. Supp. 2d 780, 790 (E.D. La. 2012); Curtis v. Benson, 959 F. Supp. 348, 353 (E.D. La. 1997) (all providing that you look to the most analogous state law), Guidry desires a different result in this case. According to Guidry, there should be no time limit on his cybersquatting claim.[10] But this Court has consistently held that a one-year statute of limitations applies to all Lanham Act claims, including claims for cybersquatting. Checkpoint Fluidic Sys., 888 F. Supp. 2d at 790; Curtis v. Benson, 959 F. Supp. at 353. Guidry provides no grounds for this Court to now hold otherwise.

Guidry would have this Court reject its own rulings in favor of dicta in an unpublished and internally inconsistent Connecticut district court case, but the authority cited in that very case

---

[10] Pl.'s Opp. Mem. p. 12.

contradicts Guidry's own argument. The one case on which Guidry rests his entire argument, Newport Electronics, Inc. v. Newport Corp., 157 F. Supp. 2d 202, 210 (D. Conn. 2001), itself cites Conopco, Inc. v. Campbell Soup Co., 95 F. 3d 187, 191 (2nd Cir. 1996), which explicitly provides: "Because the Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising, and because there is no corresponding federal statute of limitations, we look to 'the most appropriate' or 'the most analogous' state statute of limitations …." This is completely in accord with Defendants' argument that the one-year limitations period set forth in LUTPA applies. See Checkpoint Fluidic Sys., 888 F. Supp. 2d at 790. Guidry's argument that there is no limitations period is clearly incorrect.

Guidry then alternatively argues that the one-year limitations period has not begun to run "because the complained of harm is still ongoing." But, as Defendants already explained in their principal brief, the only "complained of harm" is that Dufour was listed as the "administrative contact" for the www.louisianalightning.com domain name when it was registered,[11] which, by Guidry's own allegations, occurred "in or about August 2012."[12] Although Guidry attempts to invoke the continuing tort doctrine, he only alleges one single discrete act. Because Guidry did not institute this action until December 2015, over three (3) years after Dufour was listed as the administrative contact on the registration information, the cybersquatting claim is untimely. Guidry provides no excuse for his delay and the claim must be dismissed accordingly.[13]

---

[11] Pl.'s 1st Am. Compl. ¶ 5.
[12] Pl.'s 1st Am. Compl. ¶ 34.
[13] As for Guidry's attempt to avoid the limitations period by parsing his claims for injunctive relief and damages after the fact, this argument fails on multiple levels. *See* Pl.'s Opp. Mem. pp. 14-15. First, the argument admits that the pleadings are in fact deficient, improperly seeking both damages and injunctive relief notwithstanding the one-year limitations period. Second, the argument constitutes an improper request for leave to amend the complaint, for a second time. Guidry cannot amend his pleadings through argument in an opposition memorandum. Guidry chose to pursue

#### 4. The Cybersquatting Claim against Farm Fresh Must be Dismissed

For the same reasons, the cybersquatting claim against Farm Fresh likewise fails. Again, Guidry alleges that Farm Fresh registered the domain name "in or about August 2012."[14] Guidry cannot now – over three (3) years later – sue Farm Fresh for this single discrete act. Guidry's cybersquatting claim against Farm Fresh, just like his claim against Dufour, is clearly time-barred and must be dismissed.[15]

### B. MOTION TO STRIKE

Defendants also move to strike particular factual allegations regarding the fame of Guidry's service mark found throughout the First Amended Complaint. Defendants' maintain that those allegations are impertinent and immaterial and should be stricken in accordance with Fed. R. Civ. P. 12(f). Despite Guidry's contentions to the contrary, Defendants' request is entirely proper and should be granted by this Court.

Defendants maintain that Guidry fails to allege that his service mark is famous within the meaning of 15 U.S.C. § 1125(c)(2)(A). Guidry's various allegations regarding his *personal* fame do not establish the fame of his *mark*, and must be stricken accordingly. Guidry provides no authority that holds to the contrary.

Defendants also request that Guidry's repeated references to his famous "Louisiana Lightning *trade*mark" be stricken, since Guidry indisputably holds only a *service* mark in the words "Louisiana Lightning." Although Guidry might believe this distinction is unimportant, he never contends that it is incorrect. Guidry admits he holds no trademark rights, and his pleadings

---

both injunctive relief and damages in connection with his cybersquatting claim, and cannot now ask this Court to help him pretend otherwise.
[14] Pl.'s 1st Am. Compl. ¶ 34.
[15] Defendants maintain that this Court should dismiss the claims against Dufour and Farm Fresh outright, without any opportunity for further amendment. See Defs.' Principal Mem. p. 11 n.15.

should consistently reflect that.[16]

Moreover, Guidry actually concedes Defendants' whole point: that the "difference between a trademark and a service mark is that a trademark identifies goods while a service mark identifies services."[17] Notwithstanding this clear distinction, Guidry repeatedly states in his pleadings that he has "trademark" rights in connection with goods, when in fact, his rights are strictly limited to the narrow realm of product-endorsement services. At the same time, Guidry's own pleadings (specifically, the Certificate of Registration attached to the First Amended Complaint as Exhibit 1) make clear that Guidry does not in fact have any trademark rights. Guidry's implication that he holds rights in the words "Louisiana Lightning" in connection with the sale of goods, as opposed to the provision of product-endorsement services, is impertinent and improper on the face of the pleadings, and should be stricken accordingly.[18]

**C.    MOTION FOR A MORE DEFINITE STATEMENT**

Finally, Defendants maintain that Guidry should be required to provide a more definite statement of his cybersquatting claims per Fed. R. Civ. P. 12(e), to the extent the claims are not dismissed outright. Defendants maintain that Guidry must specify why he believes Defendants acted with a bad faith intent to profit off of his service mark in allegedly registering and/or using the www.louisianalightning.com domain name. Guidry's conclusory allegation that Defendants "are anxious to capitalize on the fame of the Louisiana Lightning Trademark"[19] is wholly conclusory and entirely devoid of the required factual support.

---

[16] Guidry's conflation of service marks and trademarks is nothing more than a blatant attempt to make his service mark appear more similar to LL's trademark than it actually is.
[17] Pl.'s Opp. Mem. p. 16.
[18] See generally Mead Johnson & Co. v. Baby Formula Serv., Inc., 402 F.2d 19, 20 (5th Cir. 1968) (distinguishing a "service operation" from "one involving sales at retail").
[19] Pl.'s 1st Am. Compl. ¶ 23.

Additionally, although not addressed by Guidry, Defendants maintain their contentions that they are at least entitled to a more definite statement regarding the grounds for Dufour's alleged liability for cybersquatting, and why the cybersquatting claims are not time-barred. Although Defendants principally contend that the cybersquatting claims should be dismissed outright, if the Court disagrees, the claims should at least me made more definite.

## CONCLUSION

Although Guidry would characterize Rule 12 as an insurmountable hurdle, Iqbal and Twombly say otherwise. Guidry's conclusory factual allegations and threadbare recitals of legal elements are insufficient to support his claims. Guidry's claims are deficient on their face, without ever looking beyond the pleadings, and should be dismissed, stricken, or made more definite accordingly.

Respectfully Submitted:

/s/ Brad E. Harrigan
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
Brad E. Harrigan (La. Bar No. 29592) (T.A.)
Daniel B. Centner (La. Bar No. 33055)
Erin R. Rosenberg (La. Bar No. 34422)
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Telephone:  (504) 568-1990
Fax:  (504) 310-9195

**ATTORNEYS FOR DEFENDANTS LOUISIANA LIGHTNING, LLC, FARM FRESH FOOD SUPPLIERS, INC. AND MATTHEW D. DUFOUR**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19nd day of April, 2016, a copy of the foregoing was served upon all known counsel of record via the Court's CM/ECF filing system.

/s/ Brad E. Harrigan
Brad E. Harrigan (La. Bar No. 29592) (T.A.)