UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD GUIDRY                                    CIVIL ACTION

VERSUS                                           NO: 15-6714

LOUISIANA LIGHTNING, LLC,                        SECTION: "S" (5)
FARM FRESH FOOD SUPPLIERS,
INC., AND MATTHEW D. DUFOUR

ORDER AND REASONS

IT IS HEREBY ORDERED that the Motion to Dismiss in Part, to Strike in Part, and,

Alternatively, for a More Definite Statement Regarding Plaintiff's First Amended Complaint filed

by defendants, Louisiana Lightning, LLC, Farm Fresh Food Suppliers, Inc., and Matthew D. Dufour,

(Doc. #12) is DENIED.

BACKGROUND

This matter is before the court on a motion to dismiss, motion to strike, and alternatively

motion for a more definite statement filed by defendants, Louisiana Lightning, LLC, Farm Fresh

Food Suppliers, Inc. ("Farm Fresh"), and Matthew D. Dufour.  Defendants argue that plaintiff's

claims for trademark infringement and cybersquatting against Dufour and Farm Fresh should be

dismissed.  Defendants also argue that Guidry's allegations regarding his personal fame and

references to the "LOUISIANA LIGHTNING Trademark" should be stricken, and that Guidry

should be required to provide a more definite statement regarding his cybersquatting claims.

Plaintiff, Ronald Guidry, is a Louisiana native and former Major League Baseball ("MLB")

player who pitched for the New York Yankees from 1975 to 1989.   On June 17, 1978, in the

baseball game between the Yankees and the California Angels, Guidry struck out eighteen batters,

setting a Yankees' record that still stands.  During that game, sports broadcaster Phil Rizzutto

referred to Guidry as "Louisiana Lightning."  The Yankees Entertainment Sports Network ("YES Network") rebroadcasts the game annually on the anniversary to commemorate the event.

In 1978, Guidry was the Associated Press's Male Athlete of the Year and won the Cy Young Award as the greatest pitcher in MLB's American League.  Guidry won five consecutive Golden Glove awards, appeared in four MLB All Star games, and is a two-time World Series champion. Guidry was a co-captain of the Yankees from 1986 until 1989.

In 2003, the Yankees retired Guidry's number and commissioned a bronze-cast of him that is displayed in Yankee Stadium's "Monument Park" and bears a plaque referring to Guidry as "Louisiana Lightning."  Also in 2003, the YES Network aired a program about Guidry's life and playing career.  New York City Mayor Michael Bloomberg proclaimed August 23, 2003, "Ron Guidry Day."  Guidry was also featured in the YES Network broadcast "Yankeeography: The Captains Collection."  Guidry is often ranked as one of the greatest players in Yankee history. In 2006 and 2007, Guidry was a pitching coach for the Yankees.

In 1992, Guidry was inducted into the Louisiana Sports Hall of Fame.  He was identified as "Louisiana Lightning" on LouisianaTravel.com's 2012 list of the two-hundred most notable people from Louisiana. In 2015, he was inducted into the University of Louisiana Athletics Hall of Fame, and coverage of that event referred to him as "Louisiana Lightning."

On July 29, 2008, Guidry registered the service mark LOUISIANA LIGHTNING® as United States Trademark No. 3,474,965 for use in connection with "promoting the goods and/or service of others through issuance of product endorsements" in International Class 035.  The registration notes that the term was first used in commerce on June 17, 1978.  Guidry alleges that

he has developed, maintained, operated and offered in commerce a variety of product and service endorsements, and that he offers a successful program of product and service endorsements and promotions including promotion of sports memorabilia shops and multiple restaurants such as Mickey Mantle's Restaurant and Sports Bar.  Guidry claims that the LOUISIANA LIGHTNING® mark has become famous by garnering substantial goodwill and enjoying a high degree of consumer recognition.  He alleges that he is the exclusive owner of any and all common law rights and goodwill associated with the mark.  On July 12, 2014, the United States Patent and Trademark Office ("USPTO") declared that Guidry's LOUISIANA LIGHTNING® mark is incontestable pursuant to Section 15 of the Trademark Act.

On August 30, 2013, Louisiana Lightning, LLC filed U.S. Trademark Application Serial No. 86/052486 for the mark LOUISIANA LIGHTNING seeking registration in International Class 033 in connection with the manufacture, distribution and sale of whiskey.  Guidry alleges that Dufour made the decision to adopt and use the LOUISIANA LIGHTNING mark and that Dufour uses and publicizes it on his personal social media accounts to advertise and solicit the sale of whiskey and promote and endorse the products and services of third parties.  Guidry alleges that Dufour knew or should have known of his LOUISIANA LIGHTNING® mark due to his fame in Louisiana. Guidry claims that his reputation has been tarnished by being associated with the distribution of whiskey.  Guidry further alleges that in August 2012, defendants, with Dufour listed as the administrative contact, registered the Internet domain name www.louisianalightning.com with the bad faith intent to profit from his LOUISIANA LIGHTNING® mark, which constitutes trademark infringement and cybersquatting.

3

Guidry brings claims against all defendants under the Lanham Act, 15 U.S.C. § 1051, *et seq*., for trademark infringement, and for violating the Anticyberquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  Guidry also brings claims against Louisiana Lightning, LLC under the Lanham Act for false designation of origin and unfair competition, dilution by blurring and dilution by tarnishment,  for violating the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. § 51:1401, *et seq.*, and for trademark/trade name dilution and injury to business reputation under La. Rev. Stat. § 51:223.1.

Defendants filed the instant motion to dismiss arguing that Guidry's claims for trademark infringement and cybersquatting against Dufour and Farm Fresh should be dismissed.  Defendants also argue that Guidry's allegations regarding his personal fame should be stricken and that Guidry should be required to provide a more definite statement regarding his cybersquatting claim.

## ANALYSIS

### I.     Dufour's and Farm Fresh's Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

#### A.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.  Trademark Infringement**

Trademark law is designed to protect consumers from confusion about a product's source and to protect trademark owners' investments in the good will associated with their marks. ICEE Distribs. Inc. v. J & J Snack Foods Corp., 445 F.3d 841, 846 (5th Cir. 2006).  A cause of action for trademark infringement arises under the Lanham Act when a person "uses (1) any reproduction counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale; distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." Am. Rice, Inc. v. Producers Rice Mill, Inc., 518 F.3d 321, 329 (5th Cir. 2008) (quoting Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap and Emblem Mfg., 510 F.2d 1004, 1009-10 (5th Cir. 1975); citing 15 U.S.C. § 1114).  To assert a claim for trademark infringement a "plaintiff must first 'establish ownership in a legally protectible mark, and second, . . . show infringement by demonstrating a likelihood of confusion.'" Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 235-36 (5th Cir. 2010) (quoting Bd. of Supervisors for La. State Univ. Agic. & Mech. Coll. v. Smack Apparel Co., 550 F.3d 465, 474 (5th Cir. 2008)).

### 1. Dufour

Dufour argues that Guidry's trademark infringement claim against him should be dismissed because the complaint lacks sufficient factual allegations against Dufour personally. Specifically, Dufour argues that the complaint fails to allege Dufour personally used the LOUISIANA LIGHTNING mark outside of the course and scope of his work for Louisiana Lightning, LLC and Farm Fresh. Guidry argues that the trademark infringement claim against Dufour should not be dismissed because the jurisprudence establishes that trademark claims can be brought against corporate principals in their individual capacities.

In Mead Johnson & Co. v. Baby's Formula Serv., Inc., 402 F.2d 19, 23 (5th Cir. 1968), the United States Court of Appeals for the Fifth Circuit recognized that a trademark can be infringed by an individual when that individual performs the acts or does the things that the trademark law protects against. The fact that the person is acting in the course and scope of his employment for the corporation may also make the corporation liable under the doctrine of respondeat superior, but does not relieve the individual of his responsibility. Id. The court noted that "[o]bviously here if there was an infringement by a corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done." Id.

Guidry alleges that Dufour is personally liable for actions he took in the course and scope of his work at Farm Fresh, a corporation, and Louisiana Lightning, LLC, a limited liability company. Limited liability companies "are not different from corporations in any sense that would justify a different approach to such questions of personal liability." Ogea v. Merritt, 130 So.3d 888, 901 (La. 2013) (quoting 8 Glenn G. Morris & Wendell H. Holmes, Louisiana Civil Law Treatise: Business Organizations § 44.06 (2013)). Dufour is owner and founder of Louisiana Lightning, LLC, and

Guidry alleges that Dufour uses the LOUISIANA LIGHTNING mark to advertise and solicit the sale of whiskey and to promote and endorse the products and services of third parties. Thus, Guidry has stated a claim for trademark infringement against Dufour in his personal capacity for actions Dufour took in the course and scope of his employment with both Farm Fresh and Louisiana Lightning, LLC. Dufour's motion to dismiss is DENIED as to Guidry's trademark infringement claim.

### 2. Farm Fresh

Farm Fresh argues that Guidry's trademark infringement claim against it should be dismissed because Guidry identifies no actions take by Farm Fresh that support a claim for trademark infringement. Farm Fresh argues that Guidry's allegation that it registered the domain name www.louisianalightning.com is insufficient to state a claim for trademark infringement because it does not specify that Farm Fresh used the mark in commerce. Guidry argues that the trademark infringement claim against Farm Fresh should not be dismissed because Farm Fresh's registration of the LOUISIANA LIGHTNING mark as a domain name and defendants' collective use of the website to sell whisky constitutes use of the mark in commerce and infringement.

To state a claim for trademark infringement, a plaintiff must allege that the defendant used the mark "in commerce." Am. Rice, Inc., 518 F.3d at 329. The Lanham Act's use of the phrase "in commerce" "denotes Congress's authority under the Commerce Clause," which "extends to activity that substantially affects interstate commerce." Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1194 (11th Cir. 2001) (quotations and citations omitted). "[T]he Internet is generally an instrumentality of interstate commerce, and thus . . . the jurisdiction of the Lanham Act constitutionally extends to unauthorized uses of trademarks on the Internet." Utah Lighthouse Ministry v. Foundation for Aplogetic Information and Research, 527 F.3d 1045, 1054 (10th Cir.

2008) (internal quotations and citations omitted).  A claim can arise under the Lanham Act when a trademark is used on the Internet in connection with goods and services.  <u>Id.</u>

In this case, Guidry alleges that Farm Fresh registered the www.louisianalightning.com domain name and that the defendants collectively use it to market and sell whisky.  Guidry alleges that the defendants jointly operate and control the "infringing website" and use the "infringing mark," and that this use of the LOUISIANA LIGHTNING mark as an internet domain name constitutes trademark infringement.  These allegations are sufficient to state a claim for trademark infringement against Farm Fresh, and Farm Fresh's motion to dismiss Guidry's trademark infringement claim is DENIED.

## C.  Cybersquatting

### 1.  Time Bar

Dufour and Farm Fresh argue that Guidry's cybersquatting claims against them are time barred.  They contend that there is a one-year limitations period, and Guidry alleges that Dufour was listed as the administrative contact when Farm Fresh registered the www.louisianalightning.com domain name in 2012, which was more than one year before Guidry filed this action.

The ACPA, section 43(d) of the Lanham Act, was enacted to prevent the misappropriation of trademarks by stopping "cybersquatting," which is the registration or use "with a bad faith intent to profit a domain name that is confusingly similar to a registered or unregistered mark or dilutive of a famous mark."  <u>Coca-Cola Co. v. Purdy</u>, 382 F.3d 774, 778 (8th Cir. 2004) (citations omitted).  Because the Lanham Act does not contain a federal statute of limitations, courts "look to the most appropriate or the most analogous state statue of limitations."  <u>Conopco, Inc. v. Campbell Soup Co.</u>, 95 F.3d 187, 191 (5th Cir. 1996).  When applying the state limitations period, the court also applies

the state's tolling provisions. See Walker v. Epps, 550 F.3d 407, 415 (5th Cir. 2008). LUTPA is the most analogous Louisiana statute to the Lanham Act because both statutes govern unfair competition. Checkpoint Fluidic Sys. Int'l, Ltd. v. Guccione, 888 F.Supp.2d 780, 790 (E.D. La. 2012) (Vance, J.) (applying LUTPA's limitations period to Lanham Act claims).

Louisiana Revised Statutes § 51:1409(E) provides that an action under LUTPA "shall be prescribed by one year running from the time of the transaction or act which gave rise to the right of action." This is a peremptive period. Glod v. Baker, 899 S.2d 642, 646 (La. Ct. App. 2005); see also Naghi v. Brenner, 17 So.3d 919, 923 (La. 2009) (recognizing that when a statute creates a right of action and states the time in which it must be exercised, the time is a peremptive period). A peremptive statute cannot be suspended or interrupted. State Through Div. of Admin. v. McInnis Bros. Const., 701 So.2d 937, 939 (La. 1997) (citing La. Civ. Code art. 3461).

Dufour and Farm Fresh argue that Guidry's ACPA claims against them are time barred because Guidry alleges that Dufour and Farm Fresh committed the discrete acts of being listed as the administrative contact for and registering the www.louisianalightning.com domain name more than a year before Guidry filed this action. Guidry argues that his ACPA claims against Dufour and Farm Fresh are not time barred because Dufour and Farm Fresh, along with Louisiana Lightning, LLC, continue to violate the ACPA by maintaining and using the www.louisianalightning.com domain name, for which Dufour is still listed as the administrative contact. Thus, Guidry argues that the continuing violations prevent the peremptive period from running.

A continuing violation is one "where the operating cause of injury is a continuous one and gives rise to successive damages." Miller v. Conagra, Inc., 991 So.2d 445, 456 (5th Cir. 2008) (quoting Crump v. Sabine River Auth., 737 So.2d 720, 726 (La. 1999)). In this circumstance, the

limitations period does not begin to run until the violation stops. See Tubos de Acero de Mexico, S.A. v. Am. Int'l Investment Corp., Inc., 292 F.3d 471, 481 (5th Cir. 2002). The United States Court of Appeals for the Fifth Circuit has held that LUTPA's peremptive period does not begin to run until a continuing violation ceases. Id. at 481-82. Guidry has alleged that all of the defendants, including Dufour and Farm Fresh, continue to violate the ACPA by using and maintaining the www.louisianalightning.com website. Therefore, Guidry's ACPA claims against Dufour and Farm Fresh are not perempted, and Dufour and Farm Fresh's motion to dismiss these claims due to a time bar is DENIED.

### 2. Guidry's ACPA Claim Against Dufour

Dufour argues that Guidry cannot maintain an ACPA claim against him because he was not the registrant of the domain name or the registrant's authorized licensee.

A person is liable under ACPA if he "registers, traffics in, or uses a domain name that" is identical to or confusingly similar to protected mark and he "has a bad faith intent to profit from that mark." 15 U.S.C. § 1125(d)(1)(A). Section 1125(d)(2)(D) states that "[a] person shall be liable for using a domain name under subparagraph (A) only if that person is the domain name registrant or that registrant's authorized licensee." Section 11(d)(2)(E) explains that "'traffics in' refers to transactions that include, but are not limited to, sales, purchases, loans, pledges, licenses, exchanges or currency, and any other transfer for consideration or receipt in exchange for consideration."

Dufour argues that he cannot be held liable under ACPA because Guidry has alleged that Farm Fresh was the registrant of the www.louisianalightning.com domain name, and that there is no allegation that Dufour is Farm Fresh's authorized licensee. Thus, Dufour contends the does not fit the ACPA's definition of registrant or user of the domain name.

In the amended complaint, Guidry alleges that the defendants registered the www.louisianalightning.com domain name, and that Dufour is listed as the administrative contact on the registration.  These allegations are sufficient to state a claim against Dufour under the ACPA.  Thus, Dufour's motion to dismiss Guidry's ACPA claim is DENIED.

## II.    Rule 12(e) of the Federal Rules of Civil Procedure

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Id.  A Rule 12(e) motion is not a substitute for discovery, and is disfavored in light of the liberal pleading standard set forth in Rule 8. Mitchell v. E-Z Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).  The Supreme Court of the United States has held that a Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice[.]" Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002).

Defendants argue that Guidry should be required to provide a more definite statement of his ACPA claims.  Specifically, they argues that "Guidry should provide more specific factual allegations regarding how and why he believes that Defendants acted with bad faith intent to profit off of his product endorsement service mark in allegedly registering and/or using the www.louisianalightning.com domain name."  Defendants argue that the present allegations give no notice of the facts on which Guidry bases these claims.  Guidry argues that he has sufficiently stated a claim under the ACPA by alleging that his mark was distinctive when defendant's registered the

domain name, the infringing domain name is identical to his mark, and that defendants acted in bad faith.

Guidry's allegations provide defendants with sufficient notice of his ACPA claims.  The details that the defendants seek are appropriate inquiries in discovery.  Therefore, defendants' motion for a more definite statement is DENIED.

## III.    Rule 12(f) of the Federal Rules of Civil Procedure

Under Rule 12(f) the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Rule 12(f) motions are generally disfavored and rarely granted. Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).  "It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." Id. (quotation omitted).  The court cannot decide a disputed issue of fact on a motion to strike. Id.  Further, the court should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party. Id. "Under such circumstances the court [should] defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

It is usually clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f).  "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleadings." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004).  The presence of redundant matter in the pleading, "may not be a sufficient ground for granting a motion to strike when it does not affect the substance of the pleading." Id.  "Immaterial" matter is that which "has no essential or important relationship

12

to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material." Id. "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Finally, "scandalous" matter "improperly casts a derogatory light on someone, most typically on a party to the action[,]" but "it is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action." Id. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party. Id.

Defendants argue that Guidry's allegations regarding his fame should be stricken because his personal fame is irrelevant to the fame of the LOUISIANA LIGHTNING mark. Defendants also argue that Guidry's allegations referring to the "LOUISIANA LIGHTNING Trademark" should be stricken as impertinent because Guidry has a service mark, not a trademark.

Guidry argues that defendants' motion to strike should be denied because defendants do not argue that the facts alleged in the amended complaint concerning Guidry's fame are redundant, immaterial, impertinent, or scandalous. Indeed, Guidry contends that his personal fame is material to the fame of the LOUISIANA LIGHTNING mark. Guidry also argues that the law governing trademarks and service marks is identical.

Defendants have not shown that the allegations regarding Guidry's personal fame are redundant, immaterial, impertinent or scandalous. Indeed, the fame of the LOUISIANA LIGHTNING mark is dependent upon Guidry's personal fame because the term was used to refer

to him and Guidry uses it as a means of product endorsement.  Therefore, those allegations will not be stricken.

Further, defendants have not established that Guidry's reference to the LOUSIAIANA LIGHTNING Trademark" should be stricken.  The Lanham Act, defines a "service mark" as any "word, name, symbol, device or any combination thereof – (1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register . . .  to identify and distinguish the services of one person, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown." 15 U.S.C. § 1127.  The definition of "service mark" is nearly identical to the definition of "trademark," except that a trademark identifies and distinguishes "goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." Id. "Service marks and trademarks are governed by identical standards, and thus like with trademarks, common law rights are acquired in a service mark by adopting and using the mark in connection with services rendered." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1156 (9th Cir. 2001) (citations omitted).  Guidry attached to the amended complaint evidence that his LOUISIANA LIGHTNING service mark was registered with the the of the USPTO.  In the amended compliant, Guidry alleges that the defendants infringed on his "LOUISIANA LIGHTNING Trademark." Because the law governing service marks and trademarks is identical, Guidry's allegations will not be stricken and his rights in the LOUISIANA LIGHTNING mark[1] will be determined in due course. Therefore, defendant's motion to strike is DENIED.

---

[1] The Lanham Act defines the term "mark" as including "any trademark, service mark, collective mark, or certification mark." 15 U.S.C. § 1127.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss in Part, to Strike in Part, and, Alternatively, for a More Definite Statement Regarding Plaintiff's First Amended Complaint filed by defendants, Louisiana Lightning, LLC, Farm Fresh Food Suppliers, Inc., and Matthew D. Dufour, (Doc. #12) is **DENIED**.

New Orleans, Louisiana, this  2nd   day of June, 2016.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**